## No. 10,571.

### KOCH, ET AL. *v.* KNUTH, ET AL.

Decided November 5, 1923. Rehearing denied December 3, 1923.

Action to foreclose a mortgage.   Foreclosure denied.

### *Affirmed.*

1.  APPEAL AND ERROR—*Fact Findings.*   In an action to foreclose a mortgage, the trial court having found there was no default on any of the notes, and there being sufficient evidence to sustain the finding, it is not disturbed on review. '

2.  EXECUTORS AND ADMINISTRATORS—*Foreclosure of Mortgage.*   In an action to foreclose a mortgage, it appearing that plaintiffs were attempting to foreclose a mortgage securing notes which an administrator, as such, was entitled to hold and collect, the foreclosure is held to have been properly denied.

3.  JUDGES—*Collusion.*   A charge that judges were in collusion with defendants to defeat plaintiff's action, is one which no attorney should make without positive evidence to support it.

4.  APPEAL AND ERROR—*Brief—Motion to Strike.*   A brief being filed in the appellate court charging collusion between the trial judge and the opposing parties, held subject to motion to strike, where there was nothing in the record to substantiate the claim.

*Error to the District Court of Custer County, Hon. James L. Cooper, Judge.*

Mr. ORION W. LOCKE, for plaintiffs in error.

Mr. JOHN L. SCHWEIGERT, for defendants in error.

*Department Three.*

MR. CHIEF JUSTICE TELLER delivered the opinion of the court.

THE parties to this litigation were all heirs of one Wilhemina Knuth who died intestate, leaving real estate of small value, and promissory notes secured by mortgage; also a small amount of personal property.

This action was by the plaintiffs in error, as holders of

certain of the said notes, against the administrator and the other heirs, seeking a foreclosure of the mortgage.

It appears from the record that the heirs of Mrs. Knuth selected three arbitrators to settle the estate; that the notes upon which this suit was brought were distributed to the plaintiffs under this agreement; that the arbitration agreement was never fully carried out, one of the arbitrators having died pending the settlement, and the other two failing to go forward with the matter.

There being some claims against the estate, the county court appointed defendant Helmuth F. Knuth as administrator, and he duly qualified as such. Thereafter, certain claims were filed in the county court and allowed. Appeal was taken to the district court from the order allowing these claims, and the claims were again allowed.

It appears further that the heirs, who are defendants in this case, turned over to the administrator the notes which had been distributed to them. The court found in this action that there had been no default in the payment of the principal and interest, of the notes in suit, and accordingly denied foreclosure, and entered judgment for the defendants.

It is difficult to perceive why this case is brought here.

The finding of the court that there was no default on any of the notes in suit is sufficient to sustain the judgment, and the evidence sustains the finding. Were these notes due the judgment would be right for another reason, in that these plaintiffs are attempting to foreclose a mortgage securing notes which the administrator, as such, is entitled to hold and collect. That the county court had jurisdiction to appoint the administrator cannot be disputed, under the facts in evidence, and as admitted by the plaintiff in error.

The position of the plaintiff in error appears to be that the judge of the county court and the judge of the district court, because of their action in the premises, are conclusively shown to have been in collusion with the parties defendant. There is nothing in the record to substantiate such a claim, and the charge of collusion, repeatedly made,

is one which no attorney should make without positive evidence to support it. Had the defendants in error moved to strike the brief from the files, their motion would have been well taken.

The judgment of the trial court is correct and is affirmed.

MR. JUSTICE CAMPBELL and MR. JUSTICE SHEAFOR concur.